## METAMORA (village) v FULTON

Ohio Appeals, 6th Dist, Fulton Co

No 132.   Decided Feb 25, 1935

John W. Bricker, Attorney General, Columbus, and Davis B. Johnson, Wauseon, for plaintiff.

F. S. & J. H. Ham, Wauseon, and Clyde L. Deeds, Toledo, for defendant.

## OPINION

By CARPENTER, J.

The Village now asks the court to order the liquidating authority to pay its account as a preferred claim from the assets of the Bank.   This claim is made upon the contention that the holding and receiving of the Village money without a proper depository bond or security was illegal and unauthorized, and that its money in the Bank was at all times thereafter a trust ex maleficio, and that the relation of debtor and creditor did not arise.   This is true and any such money traceable from the Village was a trust or special deposit.

Money in the bank vault is presumed to be such special deposit, and as to it the Village does have a preference over general creditors of the Bank.

In Re, Liquidation of Osborn Bank, 1 Oh Ap, 141;

State v Fuller, 86 Oh St, 57;

Board of Commissioners of Crawford County v Strawn, 157 Fed., 49;

Reichert v United Savings Bank, 258 Mich., 655; 239 NW, 393.

The evidence fails to show what became of any other money of the Village.   Hence, it is assumed it was dissipated and ceased to be a part of the special deposit.   The Village will have to share its preference in the vault money with other claimants, if any, who may have liens upon that money, in accordance with the rule announced in State ex v Fulton, 124 Oh St, 360.

No part of the liquidating expenses should be charged against the Village's part of

the vault money, and the costs herein will be paid by the defendant.

Decree accordingly.

LLOYD and OVERMYER, JJ, concur.